UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARIF A. DURRANI,<br><br>        *Plaintiff,*<br><br>    v.<br><br>EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS, *et al.*,<br><br>        *Defendants*. | Civil Action No. 22-1859 (CJN) |

## DEFENDANTS' MOTION TO DISMISS

Pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6), Defendants, by and through the undersigned counsel, respectfully move for dismissal of Plaintiff Arif A. Durrani's Complaint. In support of this motion, Defendants respectfully refer the Court to the accompanying memorandum of law and attached exhibit. A proposed order is submitted herewith.

Dated: November 15, 2022

Respectfully Submitted,

MATTHEW M. GRAVES, D.C. Bar # 481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

*/s/ Stephanie R. Johnson*
STEPHANIE R. JOHNSON
D.C. Bar # 1632338
Assistant United States Attorney
Civil Division
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-7874
Stephanie.Johnson5@usdoj.gov

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARIF A. DURRANI, *Plaintiff,* v. EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS, *et al.,* *Defendants.* | Civil Action No. 22-1859 (CJN) |

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF THIER MOTION TO DISMISS**

## **TABLE OF CONTENTS**

Table of Content ................................................................................................................... i

Table of Authorities ............................................................................................................ ii

Summary of Allegations ..................................................................................................... 1

Legal Standard ................................................................................................................... 2

**Argument** ........................................................................................................................... 4

    I.    This Matter Should Be Dismissed for Insufficient Service of Process ............................. 4

    II.    Plaintiff's Complaint Fails to Sufficiently Plead a Claim Under FOIA or the Privacy Act ................................................................................................................................. 5

    III.    Plaintiff's Complaint Is Barred by Issue Preclusion .......................................................... 6

Conclusion ......................................................................................................................... 9

# TABLE OF AUTHORITIES

**Cases**                                                                                                       **Page**

*Ahmed v. Fed. Bureau of Prisons*,
Civ. A. No. 19-1189 (CJN), 2021 WL 2459989 (D.D.C. Mar. 18, 2021) ......................................3

*Allen v. McCurry*,
449 U.S. 90 (2008) ................................................................................................................6

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ...........................................................................................................3, 5

*Atherton v. D.C. Office of Mayor*,
567 F.3d 672 (D.C. Cir. 2009) .................................................................................................3

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ...........................................................................................................3, 5

*Canonsburg Gen. Hosp. v. Sebelius*,
989 F. Supp. 2d 8 (D.D.C. 2013) ..............................................................................................7

*Crisafi v. Holland*,
655 F.2d 1305 (D.C. Cir. 1981) ................................................................................................3

*Durrani v. U.S. Citizenship & Immigr. Servs.*,
596 F. Supp. 2d 24 (D.D.C. 2009) ....................................................................................1, 6, 7

*Durrani v. U.S. Citizenship & Immigr. Servs.*,
Civ. A. No. 14-0011-MWF (RZX), 2015 WL 13358360 (C.D. Cal. Nov. 30, 2015) .....................8

*Durrani v. U.S. Citizenship & Immigr. Servs.*,
Civ. A. No. 14-0011-MWF (RZX), 2016 WL 11794308 (C.D. Cal. Feb. 18, 2016) .....................8

*Foster v. United States.*,
Civ. A. No. 05-1759, 2006 WL 2473615 (D.D.C. Aug. 24, 2006) ................................................4

*Grant v. Ent. Cruises, Inc.*,
282 F. Supp. 3d 114 (D.D.C. 2017) .........................................................................................1

*Hilska v. Jones*,
217 F.R.D. 16 (D.D.C. 2003) ..................................................................................................2

*Light v. Wolf*,
816 F.2d 746 (D.C. Cir. 1987) .................................................................................................2

*Martin v. Dep't of Justice*,
 488 F.3d 446 (D.C. Cir. 2007) ................................................................................................... 7

*Montana v. United States*,
 440 U.S. 147 (1979) ................................................................................................................... 6

*Olson v. Fed. Election Comm'n*,
 256 F.R.D. 8 (D.D.C. 2009) ...................................................................................................... 4

*Otto v. United States*,
 Civ. A. No. 05-2319, 2006 WL 2270399 (D.D.C. June 28, 2006) ........................................... 4

*Papasan v. Allain*,
 478 U.S. 265 (1986) ................................................................................................................... 3

*Reading v. United States*,
 506 F. Supp. 2d 13 (D.D.C. 2007) ............................................................................................ 4

*Smith v. United States*,
 475 F. Supp. 2d 1 (D.D.C. 2006) ........................................................................................ 2, 4

*Spannaus v. U.S. Dep't of Justice*,
 824 F.2d 52 (D.C. Cir. 1987) .................................................................................................... 6

*Taylor v. Sturgell*,
 553 U.S. 880 (2008) ................................................................................................................... 6

*Yamaha Corp. of Am. v. United States*,
 961 F.2d 245 (D.C. Cir. 1992) .................................................................................................. 7

**Statutes, Regulations, Rules, and Other Authorities**

28 U.S.C. § 2401 ............................................................................................................................ 6

5B Wright & Miller § 1353 (3d ed. 2004) .................................................................................. 23

Charles Alan Wright & Arthur R. Miller, 4A Federal Practice & Procedure § 1083 (2d ed.1987)
 ....................................................................................................................................................... 2

Fed. R. Civ. P. 4 ............................................................................................................................. 4

Fed. R. Civ. P. 8 ............................................................................................................................. 5

Fed. R. Civ. P. 12 ....................................................................................................................... 1-5

Defendants, Executive Offices for the United States Attorney, United States Attorneys, United States Department of Justice ("DOJ"), Central Intelligence Agency ("CIA"), and the National Archives and Records Administration ("NARA") (collectively "Defendants"), by and through the undersigned counsel, hereby move to dismiss the Complaint filed by Arif A. Durrani ("Plaintiff") pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(5) and 12(b)(6).

Plaintiff, proceeding *pro se*, brings this suit under the Freedom of Information Act ("FOIA"), the Privacy Act, and the Declaratory Judgment Act. *See generally* ECF No. 1, Compl. It appears that Plaintiff seeks disclosure and corrections of his 1986 naturalization record and 1986 Iran-Contra prosecutorial jurisdictional authorization records. *Id.* Plaintiff's Complaint should, however, be dismissed for insufficient service of process, as Plaintiff served the Summons and Complaint himself. Also, Plaintiff fails to plead sufficient facts to support his FOIA or Privacy Act claims or that he is entitled to any relief whatsoever. Further, this action is barred by issue preclusion. Accordingly, Plaintiff's Complaint should be dismissed.

## SUMMARY OF ALLEGATIONS[1]

In 2008, Plaintiff, proceeding *pro se*, brought an action under the Privacy Act, 5 U.S.C. § 552a, seeking to compel the United States Citizenship and Immigration Services "to correct his citizenship records as requested on January 19, 2008," to reflect his status as a naturalized citizen. *Durrani v. U.S. Citizenship & Immigr. Servs.*, 596 F. Supp. 2d 24, 25 (D.D.C. 2009). He also sought "a duplicate copy of his citizenship certificate" and monetary damages. *Id.* The parties both moved for summary judgment. *Id.* Based on overwhelming evidence that no such records exist because plaintiff has not been naturalized as a United States citizen, the Court granted

---

[1] As the law requires, for purposes of this motion, Defendant assumes, without conceding, the truth of the well-pled factual allegations in the Complaint. *See, e.g.*, *Grant v. Ent. Cruises, Inc.*, 282 F. Supp. 3d 114, 116 (D.D.C. 2017).

Defendant's motion for summary judgment, denied Plaintiff's cross-motion for summary judgment, and dismissed the case. *Id.*

Over ten years later, Plaintiff brings this instant action under FOIA, the Privacy Act, and the Declaratory Act seeking full disclosure, correction and restoration of agency records, injunctive relief, and damages. *See* Compl. at 1. Specifically, Plaintiff seeks to expedite the disclosure of "his completed naturalization records after the 8 U.S.C. § 1448(a) (1986) oath given on July 23, 1986," prior to the records being destroyed and the 1986 Iran-Contra prosecutorial jurisdictional authorization records. *Id.*

Defendants now timely moves to dismiss the Complaint pursuant to Rule 12(b)(5) and 12(b)(6).

## **LEGAL STANDARDS**

### I.  **Rule 12(b)(5)**

Federal Rule of Civil Procedure 12(b)(5) provides that a Court may dismiss a case due to "insufficiency of service of process" if the plaintiff fails to establish that he or she has properly effectuated service upon the defendant(s) pursuant to Federal Rule of Civil Procedure 4. *See Smith v. United States*, 475 F. Supp. 2d 1, 7 (D.D.C. 2006); *see also Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987). "The party on whose behalf service is made has the burden of establishing its validity when challenged; to do so, he must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 and any other applicable provision of law." Charles Alan Wright & Arthur R. Miller, 4A Federal Practice & Procedure § 1083, at 12 (2d ed. 1987); *see also Light*, 816 F.2d at 751 (same); *Hilska v. Jones*, 217 F.R.D. 16, 20 (D.D.C. 2003) (holding that "the plaintiff carries the burden of establishing that he has properly effected service") (citation omitted).

2

## II. <u>Rule 12(b)(6)</u>

Pro se complaints "must be held to less stringent standards than formal pleadings drafted by lawyers[,]" but the plaintiff still "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" *Atherton v. D.C. Office of Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)); *see also Ahmed v. Fed. Bureau of Prisons*, Civ. A. No. 19-1189 (CJN), 2021 WL 2459989, at *2 (D.D.C. Mar. 18, 2021). In other words, a "pro se complaint, like any other, must present a claim upon which relief can be granted by the court." *Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C. Cir. 1981).

Under Rule 12(b)(6), the Court may dismiss a complaint where a plaintiff fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When resolving a motion to dismiss pursuant to Rule 12(b)(6), the pleadings are construed broadly so that all facts pleaded therein are accepted as true, and all inferences are viewed in a light most favorable to the plaintiff. *See Iqbal*, 556 U.S. at 678. However, a court is not required to accept conclusory allegations or unwarranted factual deductions as true. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Likewise, a court need not "accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Ultimately, the focus is on the language in the complaint and whether that sets forth sufficient factual allegations to support a plaintiff's claims for relief.

3

**ARGUMENT**

**I.     THIS MATTER SHOULD BE DISMISSED FOR INSUFFICIENT SERVICE OF PROCESS.**

Plaintiff's Complaint should be dismissed for insufficient service of process. *See* Fed. R. Civ. P. 12(b)(5). Rule 4 provides that "[a] summons must be served with a copy of the complaint," Fed. R. Civ. P. 4(c)(1), and specifies that service may be effected by "[a]ny person who is ... *not a party*," Fed. R. Civ. P. 4(c)(2) (emphasis added). Rule 4(c)(2) is violated when a plaintiff personally attempts to serve a defendant—including the United States—by mail. *See Olson v. Fed. Election Comm'n*, 256 F.R.D. 8, 10 (D.D.C. 2009); *see also, e.g., Reading v. United States*, 506 F. Supp. 2d 13, 19 (D.D.C. 2007); *Foster v. United States*, Civ. A. No. 05-1759, 2006 WL 2473615, at *1 (D.D.C. Aug. 24, 2006); *Otto v. United States*, Civ. A. No. 05-2319, 2006 WL 2270399, at *1-2 (D.D.C. June 28, 2006) (and cases cited therein). Courts may dismiss a complaint when a plaintiff fails to comply with the rules governing service. *See* Fed. R. Civ. P.12(b)(5); *see generally* 5B Wright & Miller § 1353 (3d ed. 2004).

Here, Plaintiff effected service himself by sending the Summons and Complaint in this case by certified mail to each Defendant. *See* ECF No. 5, RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. It is clear that Plaintiff did not comply with the basic requirements of Federal Rule of Civil Procedure 4(c)(2) and therefore service of process was defective, and this matter should be dismissed pursuant to Rule 12(b)(5). *See, e.g., Smith*, 475 F. Supp. 2d at 9 (since Plaintiff effected service himself, Plaintiff did not comply with Rule 4(c)(2) and suit was dismissed); *Olson*, 256 F.R.D. at 10 (dismissing suit under Rule 12(b)(5) when Plaintiff served Defendant himself by mailing the summons and complaint to the agency).

4

## II. PLAINTIFF'S COMPLAINT FAILS TO SUFFICIENTLY PLEAD A CLAIM UNDER FOIA OR THE PRIVACY ACT.

Plaintiff's Complaint should be dismissed because Plaintiff fails to meet the applicable pleading standard described in *Twombly* and *Iqbal*. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a), "in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" *Twombly*, 550 U.S. at 555. Rule 12(b)(6) authorizes parties to challenge the sufficiency of a complaint if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Also, although "detailed factual allegations" are not necessary to withstand a motion to dismiss, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 667 (quoting *Twombly*, 550 U.S. at 557). Instead, a complaint must contain sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

In this case, Plaintiff purports to bring an action under FOIA and the Privacy Act. Plaintiff's Complaint, however, does not provide any factual basis to support a claim under FOIA or the Privacy Act. The Complaint fails to identify requests he made for the subject record, nor does he offer any details relating to the FOIA request at issue, such as what FOIA request was submitted to which Defendant or when the FOIA request was submitted to each Defendant. Plaintiff merely attaches numerous unrelated documents,[2] and his Complaint sets out various

---

[2]   For example, the CIA letter (ECF No. 1-1, at 20), does not align with the request alleged in the Complaint. Specifically, in the Complaint, Plaintiff seeks disclosure and corrections of his naturalization and 1986 Iran-Contra prosecutorial jurisdictional authorization records; however, the FOIA request in the CIA's letter pertains to information regarding Judge T. F. Gilory Daly.

5

conclusory statements with no particular indication about why or how the defendants named in the suit have violated either FOIA or the Privacy Act. Also, as discussed further below, there is no evidence that Plaintiff was ever naturalized as a United States citizen and, thus, there is no memorializing record to correct. *Durrani*, 596 F. Supp. 2d at 27-28.

Because Plaintiff's Complaint does not include a statement or details explaining why Plaintiff is entitled to relief against Defendants pursuant to Federal Rule of Civil Procedure 8, Plaintiff Complaint should be dismissed for failure to state a claim for which relief can be granted.

### III. PLAINTIFF'S COMPLAINT IS BARRED BY ISSUE PRECLUSION.

To the extent Plaintiff is pursuing a Privacy Act accuracy claim or seeking records relating to his alleged naturalization, such claims are barred by issue preclusion. Under the doctrine of issue preclusion, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen v. McCurry*, 449 U.S. 90, 94 (2008) (citing *Montana v. United States*, 440 U.S. 147, 153 (1979)). The doctrine of issue preclusion serves to "protect against the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on

---

*Compare* Compl. at 1 *with* ECF No. 1-1, CIA Letter at 20. Also, for example, Plaintiff attaches a letter, dated August 27, 2015, from DOJ. *See* ECF No. 1 DOJ Letter, PDF p. 18. Not only would any claim concerning such request be time barred because this instant suit was filed more than 6 years after his claims accrued (*see Spannaus v. U.S. Dep't of Justice*, 824 F.2d 52, 55 (D.C. Cir. 1987) ("[E]very civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues.") (citing 28 U.S.C. § 2401(a)), but the letter addresses a separate FOIA request concerning "the mirror duplicate records" that "AUSA Deirdre A. O'Connor, aka Marini, had removed from [his] A file during the period INS was a component of the agency" (*see* ECF No. 1-1, DOJ Letter at 14). Further, Plaintiff attaches a letter from NARA, which appears to be a request for NARA to investigate the alleged destruction, alteration, etc. of records, not a FOIA request (*see* ECF No. 1-1, NARA Letter at 18-19).

judicial action by minimizing the possibility of inconsistent decisions." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (alterations in original and internal quotation marks omitted).

Issue preclusion applies when (1) "the same issue now being raised must have been contested by the parties and submitted for judicial determination in the prior case," (2) "the issue must have been actually and necessarily determined by a court of competent jurisdiction in that prior case," and (3) "preclusion in the second case must not work a basic unfairness to the party bound by the first determination." *Martin v. Dep't of Justice*, 488 F.3d 446, 454 (D.C. Cir. 2007). "[O]nce an *issue* is raised and determined, it is the entire *issue* that is precluded, not just the particular arguments raised in support of it in the first case." *Yamaha Corp. of Am. v. United States*, 961 F.2d 245, 254 (D.C. Cir. 1992) (emphasis in original). The application of issue preclusion may be unfair if "the losing party clearly lacked any incentive to litigate the point" at issue in the previous case. *Canonsburg Gen. Hosp. v. Sebelius*, 989 F. Supp. 2d 8, 19 (D.D.C. 2013) (quotation omitted), *aff'd*, 807 F.3d 295 (D.C. Cir. 2015), or if "prior proceedings were seriously defective." *Martin*, 488 F.3d at 455.

Each of the elements required to apply issue preclusion exists here. To start, there are no unfairness considerations applicable here. Plaintiff is attempting to get another bite at the apple, namely, Plaintiff is attempting to relitigate the very same issue that was already decided by this Court in *Durrani v. U.S. Citizenship & Immigr. Servs.*, 596 F. Supp. 2d 24 (D.D.C. 2009). In this instant matter, Plaintiff purportedly brings this action under the Privacy Act seeking to compel Defendants to "expedite the disclosure of his completed naturalization records after the 8 U.S.C. § 1448(a) (1986) oath given on July 23, 1986." *See* Compl. at 1. Plaintiff already litigated this issue in *Durrani*. In *Durrani*, the parties briefed this issue, and the Court carefully considered the parties' submission and evidence, then actually and necessarily decided that, based on the

overwhelming evidence, no such records existed because Plaintiff has not been naturalized as a United States citizen, and the matter was ultimately dismissed. *Durrani*, 596 F. Supp. 2d at 25. Because this was a valid court determination, it is entitled to preclusive effect. Accordingly, Plaintiff's claims are barred by issue preclusion because it turns on the same issue that was already decided in *Durrani*. Importantly, again, there is no evidence that Plaintiff was ever naturalized as a United States citizen and, thus, there is no memorializing record that exists.[3]  *Id.* at 27-28. Accordingly, Plaintiff's Complaint should be dismissed under the doctrine of issue preclusion.

* * *

---

[3]     United States District Court for the Central District of California also considered this issue—there is no compelling evidence of Plaintiff's naturalization. *See Durrani v. U.S. Citizenship & Immigr. Servs.*, Civ. A. No. 14-0011-MWF (RZX), 2015 WL 13358360, at *3 (C.D. Cal. Nov. 30, 2015); *see also Arif A. Durrani v. U.S. Citizenship & Immigr. Servs.*, Civ. A. No. 14-0011-MWF (RZX), 2016 WL 11794308, at *2 (C.D. Cal. Feb. 18, 2016).

8

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this case be dismissed in its entirety.

Dated: November 15, 2022

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar # 481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

*/s/ Stephanie R. Johnson*
STEPHANIE R. JOHNSON
D.C. Bar # 1632338
Assistant United States Attorney
Civil Division
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-7874
Stephanie.Johnson5@usdoj.gov

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARIF A. DURRANI,<br><br>　　　　　*Plaintiff,*<br><br>　　v.<br><br>EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS, *et al.*,<br><br>　　　　　*Defendants*. | Civil Action No. 22-1859 (CJN) |

**[PROPOSED] ORDER**

UPON CONSIDERATION of Defendants' Motion to Dismiss, and the entire record herein, it is hereby

ORDERED that Plaintiff's Complaint in this action is DISMISSED WITH PREJUDICE.

SO ORDERED:

_____　　　　　　　　　　　　_____
Date　　　　　　　　　　　　　　　　　　　　　　　　　　　Carl J. Nichols
　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2022, I caused a copy of the foregoing to be served by United States mail, postage prepaid, upon:

**ARIF A. DURRANI**
4492 Camino De La Plaza
Ste 179
San Ysidro, CA 92173
*PRO SE*

*/s/ Stephanie R. Johnson*
STEPHANIE R. JOHNSON
Assistant United States Attorney