UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ARIF A. DURRANI,

    *Plaintiff*,

v.

EXECUTIVE OFFICES FOR THE UNITED STATES ATTORNEYS, et al.,

    *Defendant*.

Civil Action No. 1:22-cv-01859 (CJN)

## ORDER

This matter is before the Court on Defendant's Motion to Dismiss, ECF No. 9. Because consideration of this dispositive motion could potentially dispose of the case, this pro se Plaintiff is advised of the following: Defendant has moved to dismiss the Complaint under Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Motion argues that the Court should dismiss the case for insufficient process. It also argues that the Complaint fails to state a claim upon which relief can be granted and that the Complaint is barred by issue preclusion.

In *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988) (per curiam), the U.S. Court of Appeals for the District of Columbia Circuit held that a district court must take pains to advise a pro se party of the consequences of failing to respond to a dispositive motion such as the one filed by Defendant. Such "notice . . . should include an explanation that the failure to respond . . . may result in the district court granting the motion and dismissing the case." *Id*. at 509.

Defendant filed his Motion to Dismiss on November 15, 2022. The Court's local rules concerning dispositive motions state: "Within 14 days of the date of service or at such other time as the Court may direct, an opposing party shall serve and file a memorandum of points and

authorities in opposition to the motion. If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded." LCvR 7(b). Further, the Court may treat as conceded any unopposed arguments that a defendant has advanced in support of its motion. *See Hopkins v. Women's Div., Gen. Bd. of Glob. Ministries*, 284 F. Supp. 2d 15, 25 (D.D.C. 2003), *aff'd*, 98 F. App'x 8 (D.C. Cir. 2004).

In light of Plaintiff's pro se status, the Court will order a response due by January 6, 2023.

It is **ORDERED** that Plaintiff shall file an Opposition to Defendant's Motion to Dismiss, ECF No. 9, on or before **January 6, 2023**. If Plaintiff fails to file a timely response—or fails to respond to the arguments raised by Defendant in his Motion—the Court will treat Defendant's Motion as conceded and, if the circumstances warrant, enter judgment for Defendant.

DATE: November 30, 2022

CARL J. NICHOLS
United States District Judge