UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARIF A. DURRANI,<br><br>            *Plaintiff,*<br><br>  v.<br><br>EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS, *et al.*,<br><br>            *Defendants*. | Civil Action No. 22-1859 (CJN) |

**[1] REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND [2] OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, [3] MOTION TO STAY DEADLINES AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

 

MATTHEW M. GRAVES, D.C. Bar # 481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

STEPHANIE R. JOHNSON
D.C. Bar # 1632338
Assistant United States Attorney
Civil Division
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-7874
Stephanie.Johnson5@usdoj.gov

March 1, 2023                                       *Attorneys for Defendants*

**TABLE OF CONTENTS**

ARGUMENT .................................................................................................................................. 2
    I.    THIS MATTER SHOULD BE DISMISSED FOR INSUFFICIENT SERVICE OF PROCESS. ................................................................................................................... 2
    II.    PLAINTIFF'S COMPLAINT FAILS TO SUFFICIENTLY PLEAD A CLAIM UNDER FOIA OR THE PRIVACY ACT. ................................................................................ 3
    III.    PLAINTIFF'S CROSS-MOTIONS SHOULD BE DENIED AS PREMATURE OR, IN THE ALTERNATIVE, THE COURT SHOULD STAY ALL DEADLINES. ........................... 4
CONCLUSION ............................................................................................................................. 6

# TABLE OF AUTHORITIES

**Cases**                                                                                                                              **Page**

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................................................... 3

*Center for Biol. Div. v. Ross*,
   419 F. Supp. 3d 16 (D.D.C. 2019) ........................................................................................ 6

*Comm. on Ways & Means v. U.S. Dept of the Treasury*,
   Civ. A. No. 19-1974 (TNM), 2019 WL 4094563 (D.D.C. Aug. 29, 2019) .............................. 4

*Durrani v. U.S. Citizenship & Immigr. Servs.*,
   596 F. Supp. 2d 24 (D.D.C. 2009) ........................................................................................ 4

*Oviedo v. Wash. Metro. Area Transit Auth.*,
   948 F.3d 386 (D.C. Cir. 2020) ........................................................................................... 2, 3

*Franks v. Salazar*,
   816 F. Supp. 2d 49 (D.D.C. 2011) ........................................................................................ 5

*Hedgeye Risk Mgmt., LLC v. Heldman*,
   271 F. Supp. 3d 181 (D.D.C. 2017) ...................................................................................... 1

*Holly Sugar Corp. v. Conner*,
   Civ. A. No. 06-5323, 2007 WL 2935624 (D.C. Cir. Oct. 4, 2007) ......................................... 5

*Jackson v. Mabus*,
   56 F. Supp. 3d 1 (D.D.C. 2014) ............................................................................................. 5

*Kingman Park Civic Ass'n v. Gray*,
   27 F. Supp. 3d 142 (D.D.C. 2014) ........................................................................................ 4

*Metroil, Inc. v. Exxonmobil Oil Corp.*,
   672 F.3d 1108 (D.C. Cir. 2012) ............................................................................................. 5

*Nat'l Fed. of Fed. Emp. v. Cheney*,
   883 F.2d 1038 (D.C. Cir. 1989) ............................................................................................. 5

*Oryszak v. Sullivan*,
   576 F.3d 522 (D.C. Cir. 2009) ............................................................................................... 5

*Penkoski v. Bowser*,
   548 F. Supp. 3d 12 (D.D.C. 2021) ........................................................................................ 2

*Richardson v. Capital One, N.A.*,

    839 F. Supp. 2d 197 (D.D.C. 2012) ............................................................................... 5

*Sharp v. Rosa Mexicano, D.C., LLC,*
    496 F. Supp. 2d 93 (D.D.C. 2007) ................................................................................. 5

*Wheeler v. CIA,*
    271 F. Supp. 2d 132 (D.D.C. 2003) ............................................................................... 4

**Statutes, Regulations, Rules, and Other Authorities**

Fed. R. Civ. P. 4 ..................................................................................................................... 2

Fed. R. Civ. P. 8 ..................................................................................................................... 3

Fed. R. Civ. P. 12 ............................................................................................................ 1, 3, 4

Defendants, Executive Offices for the United States Attorney, United States Attorneys, United States Department of Justice, Central Intelligence Agency, and the National Archives and Records Administration (collectively "Defendants"), by and through undersigned counsel, respectfully submit this combined reply in support of their motion to dismiss (*pro se* Plaintiff Arif A. Durrani (ECF No. 9, "Def.'s Mot.") and response to Plaintiff's Cross-Motion for Summary Judgment and Opposition to Defendant's Motion to Dismiss (collectively ECF No. 11 ("Pl.'s Mot.") and "Supplement Cross Complaint and Request for Summary Judgment " (ECF No. 14 ("Pl.'s Supp. Mot.")).

As an initial matter, Plaintiff fails to address Defendants' arguments pertaining to his complaint being barred by issue preclusion (*see* Defs.' Mot. at 6-8) and thus those arguments should be treated as conceded.  *See, e.g.*, *Hedgeye Risk Mgmt., LLC v. Heldman*, 271 F. Supp. 3d 181, 190 (D.D.C. 2017) ("It is well understood in this Circuit that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.").

At base, the only remaining issues in this matter are Plaintiff's failure to effectuate service and sufficiently plead a claim under the Freedom of Information Act ("FOIA") or the Privacy Act. As explained in Defendant's motion and elaborated below, Plaintiff's Complaint should be dismissed in its entirety for insufficient service of process and failure to sufficiently plead a claim under the FOIA or the Privacy Act under Rule 12(b)(5) and 12(b)(6).

 Further, as discussed further below, the Court should deny Plaintiff's Cross-Motion as premature and, if the Court is disinclined to deny Plaintiff's Cross-Motion, then Defendants respectfully request that Court stay all Defendants' deadline, including responding to Plaintiff's Cross-Motion, until three weeks after the Court rules on the Defendants' pending motion to

dismiss. Pursuant to Local Civil Rule 7(m), the undersigned has conferred with Plaintiff, via email, and he opposes the stay.

## ARGUMENT

**I.    THIS MATTER SHOULD BE DISMISSED FOR INSUFFICIENT SERVICE OF PROCESS.**

Plaintiff's Complaint should be dismissed for insufficient service of process. *See* Fed. R. Civ. P. 12(b)(5). Plaintiff, however, argues that he is not located in the United States and a third-party contract mailing service completed service. *See* Pl.'s Mot. at 7. These arguments fail.

Whether Plaintiff resides in the United States does not excuse him from complying with the Federal Rule of Civil Procedure. The procedures for serving the United States and its agencies with the summons and complaint for actions commenced in the United States are explicitly set forth in Rule 4(i) and those procedures do not make an exception for litigants who reside outside of the United States. *See* Fed. R. Civ. P. 4(i). More important, a litigant proceeding pro se, like Plaintiff here, does not have "a 'license' to 'ignore the Federal Rules of Civil Procedure.'" *Oviedo v. Wash. Metro. Area Transit Auth.*, 948 F.3d 386, 397 (D.C. Cir. 2020) (quoting *Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1993)); *see also Penkoski v. Bowser*, 548 F. Supp. 3d 12, 20 n.9 (D.D.C. 2021) ("[P]*ro se* status is not 'a license . . . to ignore the Federal Rules of Civil Procedure, a court's local rules, or a court's orders.'") (alteration in original) (quoting *Nwaneri v. Quinn Emanuel Urquhart & Sullivan, LLP*, Civ. A. No. 19-1540 (TNM), 2020 WL 7773391, at *3 (D.D.C. Dec. 30, 2020)). There is no evidence showing that Plaintiff complied with Rule 4(i). Also, Plaintiff violates Rule 4(c)(2) by signing the return service/affidavits ashe attempted to serve Defendants through the mail. Rule 4(c)(2) is violated when a plaintiff personally attempts to serve a defendant—including the United States—by mail. *See* Defs.' Mot at 4 (citing cases). Since Plaintiff effected service himself by sending the Summons and Complaint in this case by

2

certified mail to each Defendant (s*ee* ECF No. 5, RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed) and did not comply with the basic requirements of Rule 4(c)(2), the Court should dismiss his Complaint for insufficient service of process pursuant to Rule 12(b)(5).

## II. PLAINTIFF'S COMPLAINT FAILS TO SUFFICIENTLY PLEAD A CLAIM UNDER FOIA OR THE PRIVACY ACT.

As Defendants previously argued, Plaintiff fails to meet the applicable pleading standard described in *Twombly* and *Iqbal*. *See* Defs.' Mot. at 5-6. Plaintiff argues that his FOIA and Privacy Act requests are listed on the Defendants' websites and available to public domain and described in prior court proceedings. *See* Pl.'s Mot. at 7. Again, Plaintiff's *pro se* status does not excuse him from complying with the Federal Rules of Civil Procedure and the law. *See Oviedo*, 948 F.3d at 397. Defendants are under no obligation to sift through hundreds of pages of records or perform searches through databases to identify the FOIA/Privacy Act request(s) subject to this litigation. Rather, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a), "in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and thus the onus is on Plaintiff to properly plead a claim for which relief can be granted. Plaintiff failed to do so. The Complaint does not identify the FOIA request(s), any details relating to any FOIA or Privacy Act request, or how the named defendants have violated either FOIA or the Privacy Act.

Also, although it is difficult to discern Plaintiff's opposition, it appears that Plaintiff attempts to provide more details about his purported FOIA and/or Privacy Act requests or background information and alludes to Defendants destroying or falsifying records. *See* Pl. Motion at 1-4 (ECF No. 11); Pl.'s Supp. Mot. at 1-2 (ECF No. 14). "[P]laintiff, [however] failed to include

3

these allegations in [his] complaint, and [he] may not amend [his] complaint by the briefs in opposition to a motion to dismiss." *Kingman Park Civic Ass'n v. Gray*, 27 F. Supp. 3d 142, 168 (D.D.C. 2014) (citing *Middlebrooks v. Godwin Corp.,* 722 F. Supp. 2d 82, 87 n. 4 (D.D.C. 2010), *aff'd,* 424 Fed. Appx. 10 (D.C. Cir. 2011); s*ee, e.g., Calvetti v. Antcliff,* 346 F. Supp. 2d 92, 107 (D.D.C. 2004) (quoting cases); *see also Coll. Sports Council v. GAO*, 421 F. Supp. 2d 59, 71 n. 16 (D.D.C. 2006) ("[T]he Court does not, and cannot, consider claims first raised in the plaintiff's opposition."). Therefore, the new allegations should be dismissed.

Accordingly, the Court should dismiss Plaintiff's Complaint under Rule 12(b)(6) for failure to state a claim.[1]

### III. PLAINTIFF'S CROSS-MOTIONS SHOULD BE DENIED AS PREMATURE OR, IN THE ALTERNATIVE, THE COURT SHOULD STAY ALL DEADLINES.

The Court should deny Plaintiff's Cross-Motion (*see* ECF Nos. 11, 14) as premature. "This Court's general practice is to adhere to the traditional litigation sequence of complaint; answer or motion to dismiss; discovery, if appropriate;[2] and only then, summary judgment. *Comm. on Ways & Means v. U.S. Dept of the Treasury*, Civ. A. No. 19-1974 (TNM), 2019 WL 4094563, at *2 (D.D.C. Aug. 29, 2019). "This process allows the Court to assure itself of jurisdiction and address threshold matters" before dealing with other litigation issues. *Id*. The Court should not abandon the general practice in this matter, especially since Defendants' Motion may ultimately dispose of Plaintiff's entire case.

---

[1] Plaintiff only requests "expedite the disclosure of his completed naturalization records after the 8 U.S.C. § 1448(a) (1986) oath given on July 23, 1986" (*see* Compl. at 1) and Plaintiff already litigated this issue in *Durrani v. U.S. Citizenship & Immigr. Servs.*, 596 F. Supp. 2d 24 (D.D.C. 2009). *See* Defs.' Mot. at 6-8. Accordingly, his Complaint is barred by issue preclusion.

[2] "Discovery is generally unavailable in FOIA actions." *Wheeler v. CIA*, 271 F. Supp. 2d 132, 139 (D.D.C. 2003).

Also, because Plaintiff's complaint fails to identify what, if any, FOIA/PA requests that he submitted to the various named defendants and when, and the content of those requests, Plaintiff's failure to raise those claims in his Complaint is fatal to his cross-motion for summary judgment and supplemental motion. *See Jackson v. Mabus*, 56 F. Supp. 3d 1, 10 (D.D.C. 2014), *aff'd*, 808 F.3d 933 (D.C. Cir. 2015) ("Plaintiff cannot raise in his Motion for Summary Judgment a claim not contained in his complaint."); *Metroil, Inc. v. Exxonmobil Oil Corp.*, 672 F.3d 1108, 1117 (D.C. Cir. 2012) ("Metroil did not assert that claim in its complaint, and we therefore do not consider it."); *Oryszak v. Sullivan*, 576 F.3d 522, 524 n.1 (D.C. Cir. 2009) ("Oryszak maintains she also brought a constitutional claim for deprivation of liberty and property interests without due process of law, but she did not sufficiently raise that claim in her complaint or otherwise give the district court notice thereof."); *Nat'l Fed. of Fed. Emp. v. Cheney*, 883 F.2d 1038, 1041 (D.C. Cir. 1989) ("Because appellants failed to raise this allegation in their complaint before the District Court, the issue was not before that Court."); *Richardson v. Capital One, N.A.*, 839 F. Supp. 2d 197, 202 (D.D.C. 2012) ("As Plaintiff is not permitted to advance a claim in his Motion and Opposition that was not alleged in his Complaint, the Court need not consider the merits of Plaintiff's argument."); *Franks v. Salazar*, 816 F. Supp. 2d 49, 58 n.5 (D.D.C. 2011) ("plaintiffs cannot use their summary judgment briefing to press claims not raised in their amended complaint").

Therefore, under the law, the Court should deny Plaintiff's cross- and supplemental motion for summary judgment. *Holly Sugar Corp. v. Conner*, Civ. A. No. 06-5323, 2007 WL 2935624, at *1 (D.C. Cir. Oct. 4, 2007) (affirming denial of summary judgment because plaintiff "failed to raise the claim in its complaint"); *Sharp v. Rosa Mexicano, D.C., LLC*, 496 F. Supp. 2d 93, 97 (D.D.C. 2007) ("plaintiff may not, through summary judgment briefs, raise [ ] new claims").

In the alternative, given Plaintiff's multiple filings in this matter which may ultimately be resolved by the Court granting the Defendants' Motion, a stay of proceedings will further judicial economy and the Court's administration of this matter. "A federal district court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Center for Biol. Div. v. Ross*, 419 F. Supp. 3d 16, 20 (D.D.C. 2019). Plaintiff has now docketed a complaint, cross-motion for summary judgment, a supplement to the cross-motion for summary judgment, and multiple exhibits consisting of hundreds of pages.[3] Because Defendants' motion to dismiss may ultimately dispose of Plaintiff's entire complaint, the interests of judicial economy and orderly management of the Court's docket supports a stay of deadlines until three weeks after the Court resolves the Defendants' pending motion to dismiss. If at that time, the Court dismisses Plaintiff's Complaint in its entirety, then Plaintiff's Cross-Motion will become moot and there will be no need for the Defendants to file a supplemental opposition. Further, a stay will avoid additional needless filings, which create additional burdens on the Court's ability to render a decision in this matter.

Accordingly, the Court should stay Defendant's obligation to respond to Plaintiff's Cross Motion for Summary Judgment (ECF No. 11) and Supplemental Motion (ECF No. 14) until three weeks after the Court resolves Defendant's Motion to Dismiss.

## **CONCLUSION**

For the foregoing reasons and those set forth in Defendants' Motion to Dismiss, the Court should dismiss this matter entirely. Furthermore, in the meantime, the Court should stay all

---

[3] Recently, Plaintiff also emailed undersigned and the Clerk with additional documents and correspondences he requested be added to the docket.

proceedings, including Defendants' response deadlines to Plaintiff's motions (ECF Nos. 11 and 14) until the Court resolves Defendants' dispositive motion.

    A proposed order is attached.

Dated: March 1, 2023
    Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar # 481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

*/s/ Stephanie R. Johnson*
STEPHANIE R. JOHNSON
D.C. Bar # 1632338
Assistant United States Attorney
Civil Division
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-7874
Stephanie.Johnson5@usdoj.gov

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARIF A. DURRANI,<br><br>    *Plaintiff,*<br><br>  v.<br><br>EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS, *et al.*,<br><br>    *Defendants*. | Civil Action No. 22-1859 (CJN) |

**[PROPOSED] ORDER**

UPON CONSIDERATION of Opposition to Plaintiff's Cross-Motion for Summary Judgement (ECF No. 11) and Supplemental Motion (ECF No. 14) or, in the alternative, Motion to Stay Deadlines, and the entire record herein, it is hereby

ORDERED that Plaintiff's Cross-Motion (ECF No. 11) and Supplemental Motion are DENIED without prejudice as premature;

[Alternatively] ORDERED that all proceedings are stayed until three weeks after the Court resolves Defendant's Motion to Dismiss.

SO ORDERED:

_____    _____
Date                                                   Carl J. Nichols
                                                        United States District Judge

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2023, I caused a copy of the foregoing to be served by United States mail, postage prepaid, upon:

> **ARIF A. DURRANI**
> 4492 Camino De La Plaza
> Ste 179
> San Ysidro, CA 92173
> *PRO SE*

*/s/ Stephanie R. Johnson*
STEPHANIE R. JOHNSON
Assistant United States Attorney